UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23627-CIV-COHN/OTAZO-REYES
(CASE NO. 13-20339-CR-COHN)

RIGOBERTO CABRERA

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 45] ("Report") submitted by United States Magistrate Judge Alicia M. Otazo-Reyes regarding Movant Rigoberto Cabrera's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 9] ("Motion"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the Motion, the Report, Movant's Objections [DE 46], and the record in this case, and is otherwise advised in the premises. Upon careful consideration, the Court will adopt the Report, overrule Movant's objections, and deny the Motions.

As detailed in the Report, Movant was convicted of numerous charges stemming from an income tax fraud scheme. DE 45 at 1-2. Movant and his associates filed returns for taxpayers and themselves which "fraudulently claimed unfounded refunds based on Form 2439, an obscure IRS form that allows taxpayers a refund for taxes already paid on previously taxed 'undistributed long term capital gains.'" United States v. Cabrera, 635 F. App'x 801, 803-04 (11th Cir. Dec. 30, 2015). At trial, "[t]he

government presented dozens of witnesses and scores of exhibits tying Cabrera to the fraudulent returns and to attempts to launder the proceeds." Id. at 804.  The Eleventh Circuit described the government's case as "thorough and compelling."  Id.  After a five-day jury trial, Movant was found guilty of conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286 (Count 1), eighteen counts of making false, fictitious and fraudulent claims, in violation of 18 U.S.C. § 287 (Counts 2 through 9, 11 through 20), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Counts 21), four counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 22 through 25), conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 26), and four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 27 through 30).

Prior to sentencing, a Presentence Investigation Report ("PSI") was prepared which set forth a loss amount of $10,242,667.  Based on a total offense level 37 and criminal history category IV, the advisory guideline range was 292 to 365 months imprisonment.  The Court overruled Movant's objections to the PSI, adopted the PSI's guideline calculations, and imposed a bottom of the guidelines range sentence of 292 months.  DE-Cr 125.[1]  Movant appealed his conviction and sentence, and the Eleventh Circuit affirmed.  DE-Cr 148.  In his § 2255 Motion, Movant raises three grounds for relief:

1. Ineffective assistance of counsel in failing to object to the amount of intended loss;

2. Ineffective assistance of counsel in failing to subpoena witnesses and documents and failing to use prior inconsistent grand jury testimony and documents in evidence to impeach the testimony of key

---

[1] "DE-Cr" citations refer to docket entries in the related criminal proceedings, Case No. 13-20339-CR-COHN.  "DE" citations refer to docket entries in the instant civil proceedings.

2

      government witnesses that the Movant had prepared the fraudulent tax return which served as the basis for Count 2 of the Superseding Indictment; and

3. That the Government violated Movant's due process rights by failing to comply with Giglio v. United States, 405 U.S. 150 (1972).

See DE 9.

On February 13, 2020, the Court adopted the prior Magistrate Judge's Report and Recommendation and denied the Motion. DE 20. Thereafter, the Court granted Movant's Rule 60(b) Motion and reopened the case because the prior Magistrate had been involved in the Government's case against Movant in her previous role at the United States Attorney's Office. DE 31. The Court also referred the case to Magistrate Judge Otazo-Reyes. Id.

In her Report, Magistrate Judge Otazo-Reyes concludes that Movant is entitled to no relief. First, with respect to Movant's counsel's failure to object to the amount of intended loss, Magistrate Judge Otazo-Reyes found that Movant cannot establish deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668 (1984) arising from counsel's failure to make this objection because the loss figure was correct. DE 45 at 9-11. Magistrate Judge Otazo-Reyes also concluded that Movant's second claim fails because he cannot establish deficient performance or prejudice under Strickland based on the date reflected in the original indictment for the tax return which served as the basis for Count 2 of the superseding indictment. Id. at 12-13. Magistrate Judge Otazo-Reyes explained that the tax return filing date appearing in Count 2 of the original indictment "had not relevance at trial" given the filing of the Superseding indictment. Id. at 12. Finally, Magistrate Judge Otazo-Reyes concluded that Movant was entitled to no relief with respect to his third claim because he has not demonstrated

that the Government's witnesses testified falsely or that the Government suborned perjury. Id. at 13.

In his Objections, Movant first seems to claim that, had his counsel challenged the loss amount of $10,242,667 set forth in the PSI, the Government would have been unable to prove this amount. DE 46 at 5-6. The Court disagrees and finds that the evidence linking Movant to the tax returns that formed the basis for Special Agent Calabrese's loss figure would have been sufficient to satisfy the preponderance of the evidence burden that the Government bore at sentencing.

Next, Movant's Objections relating to his second and third claims both primarily concern the amended individual income tax return that served as the basis for Count 2. Id. at 6-9. Movant claims that this amended return was received by the IRS on January 24, 2009 and that his counsel was ineffective for failing to show that it would have been impossible for Movant to have filed the amended return because he was in custody on that date. The Court agrees with Judge Otazo-Reyes, however, that Movant's counsel's performance was not deficient on this point and that even if Movant's counsel had attempted to make this showing, the result of the trial would not have been different. The testimony of Government witness Victoria O'Brien was clear that it was the ***original*** return—not the fraudulent amended return—that was filed on January 24, 2009. See DE-Cr 138 at 150:3-21. While there is arguably some ambiguity in Ms. O'Brien's later testimony regarding the precise date the amended return was filed, Movant has not shown how he was prejudiced by his counsel's failure to attempt to resolve this ambiguity. That is, even if May 7, 2009 was the date the amended return was processed by the IRS—as Movant has contended in this proceeding—as opposed to

the date the amended return was received by the IRS, this would still not have shown that it would have been impossible for Movant to file the amended return due to his incarceration on January 24, 2009 because the evidence was that the amended return was filed by mail or filed as a walk-in some time after the original return was filed on January 24, 2009.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 45] is **ADOPTED** in its entirety.
2. Movant's Objections [DE 46] are **OVERRULED**.
3. Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [DE 9] is **DENIED**.
4. A certificate of appealability is **DENIED**. The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may now seek a certificate of appealability from the Eleventh Circuit.
5. The Clerk of Court is directed to **CLOSE** this case for all purposes and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of September, 2021.

JAMES I. COHN
United States District Judge

Copies provided to:
United States Magistrate Judge Alicia M. Otazo-Reyes
Counsel of record via CM/ECF
Pro se parties via U.S. mail to address on file